Rogers Wright, for plaintiff.

Stallo, Richards & Shaw, and B. P. Hollister, for defendant.

----

(Superior Court of Cincinnati.)
Special Term, March, 1901.

LOUIS T. BLOCK, SAMUEL , BLOCK EDWARD J. MACK and JOSEPH E. BLOCK, partners as Block & Co., v. THE STANDARD DISTILLING & DISTRIBUTING CO.

----

When a contract in restraint of trade is incidental to and in support of a main contract which is lawful, it is itself lawful; but where it is in itself the end sought, it is unlawful.

----

SMITH, J.

The petition alleges that the plaintiffs are partners, owning and operating a distillery, and otherwise engaged in the distilling and re-distilling business, and that the defendant is also engaged in the distilling business.

It is then alleged that the plaintiffs and defendant "entered into a written contract, by which, among other things, it was agreed that plaintiffs should be appointed one of the authorized agents or distributors of defendant's product, and should purchase continuously and exclusively from the defendant, or such distilleries as it should designate, their entire need and supply of spirits and alcohol; that they should not manufacture or produce spirits and alcohol, except such as they might require and use in making whisky at said distillery, and should receive from the defendant certain rebates on goods purchased by them from the defendant; that the defendant should pay to the plaintiffs the sum of $1,000 per month, payable on the last day of each and every month; that said agreement should go into force and effect on said date, and so continue for a period of five years thereafter."

The plaintiffs further allege that they have faithfully complied with all the provisions and conditions of said agreement on their part; but that the defendant has not paid the monthly payments of $1,000 for ten months, and they therefore ask judgment for said amount, with interest, against the defendant.

The defendant has filed a demurrer to this petition.

The question argued before me is whether the agreement described in the petition is illegal and void, becuse it is an unlawful restraint of trade.

In the recent case of Kevil v. Standard Oil Co., ante, p. 311, I had occasion to call attention to the rule which the courts have settled with respect to this class of cases. This rule is that where the contract of restraint is one which is incidental to and in support of a main contract which is lawful, and is only such as is proper to enable the party imposing it to enjoy the fruits of the main contract, it is legal; but where the contract of restraint is not incidental to or in support of some main contract, but is in itself the end sought by the contract, it is illegal.

The allegations of the petition are in some respects so vague that it is difficult to apply this rule, but I am disposed to think that the petition is not demurrable.

The petition alleges that the plaintiffs were appointed one of the authorized agents or distributors of the defendant's product. The product appears to be alcohol and whisky and perhaps other articles· and the allegation of the petition is that the defendant is appointed the agent of the plaintiffs wit.. respect to everything produced by the plaintiffs.

If the plaintiffs appointed the defendant its general agent, it had the right to compel the defendant to go out of the business, or any part of the business, with respect to which it was to be the agent of plaintiffs, otherwise the defendant might frequently be placed in a situation where duty and interest would conflict

It may be that where the contract sued on is introduced in evidence, it may not be susceptible of the construction which I have suggested might be inferred from the allegations of the petition. But as the contract is set out in the petition only by the language I have copied from the petition, I am of the opinion that te demurrer should be overruled.

Thornton M. Hinkle, for Plaintiff.

William Worthington, contra.